UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 16-3552-DOC (KK)** | Date: | May 27, 2016 |
| Title: | ***Daniel M. Davis v. Steve Langford*** | | |

Present: The Honorable   KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE

| DEB TAYLOR | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Petitioner: | Attorney(s) Present for Respondent: |
|---|---|
| None Present | None Present |

**Proceedings:**   (In Chambers) Minute Order Regarding Lack of Subject Matter Jurisdiction & Ordering Response

# I.
# BACKGROUND

On June 19, 2008, in the United States District Court for the District of Idaho, Petitioner Daniel M. Davis ("Petitioner") pled guilty to possessing material involving the sexual exploitation of minors and forfeiture in violation of Title 18 of the United States Code, sections 2252 and 2253.  See USA v. Davis, 1:07-cr-00255-EJL-1 (D. Idaho, filed Oct. 10, 2007).[1]  On February 9, 2009, Petitioner was sentenced to 168 months in prison and a lifetime of supervised release.  ECF Docket No. ("Dkt.") 1, Pet. at 2.

On December 26, 2012, Petitioner filed a motion to vacate his 2009 conviction and sentence pursuant to Title 28 of the United States Code, section 2255 ("Section 2255") in the

---

[1] A court "may take judicial notice of matters of public record," including of "proceedings and filings" in other cases and "in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001) (citations and internal quotation marks omitted); United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (citations and internal quotation marks omitted).

United States District Court for the District of Idaho.  Id. at 4.  The motion remains pending.  Id.; see Davis v. USA, 1:12-cv-00646-EJL (D. Idaho, filed Dec. 26, 2012).

On May 2, 2016, Petitioner constructively filed[2] the instant pro se Petition for Writ of Habeas Corpus ("Petition") pursuant to Title 28 of the United States Code, section 2241 ("Section 2241") in this Court, challenging his 2009 sentence.  Dkt. 1, Pet. at 1.  Petitioner raises four claims: (1) "Petitioner received [an] unconstitutional 48-month enhancement based solely on prosecutor's belief in Petitioner's guilt, completely unsubstantiated by proof;" (2) "Petitioner was denied Sixth Amendment right to counsel at sentencing, and denied conflict free counsel prior to entry of guilty plea in district court;" (3) "Petitioner was prejudiced by ineffective assistance of counsel and prosecutorial misconduct which resulted in fraud upon the district court;" and (4) "[a]s a result of Ground Three facts, the district court was led into denying Petitioner constitutional rights and due process of law."  See id. at 3-5.

## II.
## DISCUSSION

A.   APPLICABLE LAW

A petitioner challenging "the manner, location, or conditions of a sentence's execution" must file a petition for writ of habeas corpus under Section 2241 in the custodial court.  Harrison v. Ollison, 519 F.3d 952, 956 (9th Cir. 2008).  On the other hand, Section 2255 "provides the exclusive procedural mechanism by which a federal prisoner may test the legality of detention."  Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000).  A petitioner challenging "the legality of his sentence" must file a motion to vacate his sentence under Section 2255 and "[Section] 2255 motions must be heard in the sentencing court."  Hernandez v. Campbell, 204 F.3d 861, 864-65 (9th Cir. 2000).

There is, however, an exception to this general rule.  Under the "escape hatch" of Section 2255, a federal prisoner may file a Section 2241 petition challenging his sentence or conviction if, and only if, the remedy under Section 2255 is "inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255(e); Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir. 2006).  A prisoner may file a Section 2241 petition under Section 2255's escape hatch "when the prisoner '(1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim.'"  Marrero v. Ives, 682 F.3d 1190, 1192 (9th Cir. 2012) (quoting Stephens, 464 F.3d at 898).

---

[2] Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the Court deems the pleading constructively filed on the date it is signed.  Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (citation omitted).  Here, Petitioner signed the Petition on May 2, 2016.  See Dkt. 1, Pet.  Thus, the Court deems May 2, 2016 the Petition's filing date.

With respect to the first prong of Section 2255's escape hatch, an actual innocence claim requires a petitioner to "demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Stephens, 464 F.3d at 898 (citing Bousley v. United States, 523 U.S. 614, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998)). With respect to the second prong of Section 2255's escape hatch, whether the petitioner has not had an "unobstructed procedural shot" at presenting his actual innocence claim, the Court must consider: "(1) whether the legal basis for petitioner's claim did not arise until after he had exhausted his direct appeal and first [Section] 2255 motion; and (2) whether the law changed in any way relevant to petitioner's claim after that first [Section] 2255 motion." Alaimalo v. United States, 645 F.3d 1042, 1047 (9th Cir. 2011) (internal quotation marks omitted).

B.   ANALYSIS

Here, Petitioner does not challenge "the manner, location, or conditions of a sentence's execution." See Harrison, 519 F.3d at 956. Rather, Petitioner challenges his 2009 sentence. See Dkt. 1, Pet. Thus, Petitioner cannot proceed under Section 2241 unless Section 2255's "escape hatch" provision applies. Lorentsen, 223 F.3d at 953. Petitioner claims his Section 2255 motion to vacate his 2009 sentence remains pending in the United States District Court for the District of Idaho, but "that remedy is inadequate or ineffective to test the legality of detention because the delay in adjudication has resulted in Petitioner's completion of the statutory mandatory minimum 10-year sentence already, and Petitioner is now serving an unconstitutional term of imprisonment." Dkt. 1, Pet. at 6.

Applying the two prongs of Section 2255's escape hatch, the Court finds the Petition does not qualify for the exception. Harrison, 519 F.3d at 959. First, Petitioner fails to make a claim of actual innocence. Moreover, Petitioner has not offered any evidence that would lead the Court to conclude "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Stephens, 464 F.3d at 898.

In addition, Petitioner fails the second prong of Section 2255's escape hatch. Alaimalo, 645 F.3d at 1047. Petitioner fails to claim whether he lacked an unobstructed procedural shot, the legal basis for his claims did not arise until after he had exhausted his direct appeal and first Section 2255 motion, and the law changed in any way relevant to Petitioner's claims after that first Section 2255 motion. Id.

Petitioner thus fails to meet either requirement to permit filing of a Section 2241 petition under Section 2255's escape hatch. Harrison, 519 F.3d at 959. Hence, the Petition, which raises claims challenging Petitioner's 2009 sentence, is a successive Section 2255 motion thinly cloaked behind Section 2241. Thus, this Court lacks jurisdiction over the successive Section 2255 motion. Hernandez, at 864-65.

///
///

# III.
# ORDER

Accordingly, the Court is inclined to recommend the Petition be recharacterized as a Section 2255 motion. This would have the following consequences:

1. Because this Court lacks jurisdiction over a Section 2255 motion filed by Petitioner, such a recharacterization would subject the motion and this action to either dismissal or transfer to the United States District Court for the District of Idaho, the sentencing court.

2. As a general rule, Petitioner must bring all arguments he intends to bring in his initial Section 2255 motion, or else risk having later arguments barred as successive. Petitioner acknowledges that he previously filed a Section 2255 motion to vacate his 2009 sentence, and thus recharacterization of the instant Petition would subject both this Petition and any subsequent Section 2255 motion to the restrictions on "second or successive" motions. Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), the opportunity to file successive motions under Section 2255 is strictly limited. See 28 U.S.C. §§ 2244(b)(3), 2255(h) (second or successive motions may be certified and permitted only if based on "newly discovered evidence" or "a new rule of constitutional law, made retroactive . . ., that was previously unavailable"). In short, recharacterization of the instant Petition as a Section 2255 motion may result in its dismissal as a successive Section 2255 motion.

3. Section 2255 motions are subject to a one-year statute of limitations. Because it appears that the instant Petition was filed after that limitations period expired, recharacterization of the Petition as a Section 2255 motion may result in its dismissal as untimely.

If Petitioner does not wish to have his Petition recharacterized as a Section 2255 motion, he may withdraw it from this Court. That would provide him the option of refiling a new Petition or Section 2255 motion in the United States District Court for the District of Idaho. However, any such petition or motion may be barred by the one-year statute of limitations. See 28 U.S.C. § 2255(f). It may also be barred as a second or successive Section 2255 motion.

In light of these advisements, the Court hereby **ORDERS** Petitioner to file a written response to this Order no later than **twenty-one (21) days after the date of this Order**. In the response, Petitioner must elect one of the following three options:

1. If Petitioner contends the Petition is in fact properly filed as a Petition under Section 2241, he should clearly explain this in a filing with this Court no later than **twenty-one (21) days after the date of this Order**. Petitioner should attach copies of any documents that support his position. Petitioner may also include a notice that, if the Court still finds the Petition should be brought under Section 2255, he alternatively selects one of the other options discussed below.

2. If Petitioner consents to recharacterization of his Petition as a section 2255 motion, he should clearly state this in a filing with this Court no later than **twenty-one (21) days after the date of this Order**.

3. If Petitioner wishes to withdraw his Petition, he may request a voluntary dismissal of this action without prejudice pursuant to Federal Rule of Civil Procedure 41(a), which must be served and filed no later than **twenty-one (21) days after the date of this Order**.  **A Notice of Dismissal form is attached for Petitioner's convenience.**  The Court again advises Petitioner, however, that if Petitioner should later attempt to again raise his dismissed claims in a subsequent habeas petition or Section 2255 motion, those claims may be time-barred, and may be barred as successive.

The Court warns Petitioner that failure to timely file and serve a response as directed in this Order may be construed as Petitioner's consent to recharacterization, and may result in a recommendation that this action be dismissed with prejudice as a second or successive petition and/or for failure to prosecute and obey court orders.

**IT IS SO ORDERED.**